IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| BRITTANEY MOORE-BAUTISTA, § § § **Plaintiff,** § § v. § § VISIONS GENTLEMENS CLUB & § INVERTED ART GALLERY, § MARSHALL SEALEY, HEATHER LYNN § WELLS, § § **Defendants.** | CIVIL ACTION NO. 6:23-CV-00273-JCB |

REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

Before the court is Defendant Heather Wells's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 6.) Plaintiff has filed a response in opposition, (Doc. No. 9), to which Defendant has filed a reply (Doc. No. 12). Upon consideration, the court **RECOMMENDS** that Defendant's motion (Doc. No. 6) be **DENIED**.

BACKGROUND

On May 26, 2023, Plaintiff Brittaney Moore-Bautista filed this action against Defendants Visions Gentlemen's Club ("Visions"), Heather Wells, Brittini Sealey, and Marshall Sealey for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). Since that time, Defendant Britni Sealey has been dismissed. (Doc. No. 5.) Defendants Marshall Sealey and Visions have waived service, and answers are due on September 5, 2023. (Doc. No. 11.) Defendant Wells was served on May 30, 2023, and thereafter filed the instant motion to dismiss on June 20, 2023. (Doc. No. 6.)

In her complaint, Plaintiff alleges that she was employed as a dancer by Defendants from approximately 2019 to 2020 and September 2021 through February 28, 2023, during which she was denied minimum wage payments and tips as part of Defendants' scheme to classify her as an independent contractor. (Doc. No. 1, at ¶¶ 2, 26.) Plaintiff alleges that Defendants took entertainer's tips in coerced tipouts or by forcing mandatory fees on dancers, which caused compensation to fall below minimum wage. *Id.* at ¶¶ 4, 29. Plaintiff further alleges that required tips to the club staff worked as a subsidy to Defendants, having to pay their staff less because they were receiving a portion of the entertainer's tips. *Id.*

Plaintiff alleges that Defendant Wells was a manager of Visions during the relevant period who executed the policies regarding payment to dancers and management of dancers, including Plaintiff. *Id.* at ¶ 9. Plaintiff alleges that Defendants "have been an enterprise in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(r)(1) of the FLSA because they have had employees at their club engaged in commerce, which has travelled in interstate commerce, including but not limited to food service." *Id.* at ¶ 13. Plaintiff further alleges that "because of Defendants' interrelated activities, they function in interstate commerce" and that Defendants operate a business with annual gross volume of sales of more than $500,000. *Id.* at ¶¶ 13, 64, 73.

Based on these allegations, Defendant Wells brought a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on the basis that Plaintiff's complaint fails to allege either individual or enterprise coverage as required by the FLSA. (Doc. No. 6.)

## LEGAL STANDARD

Motions to dismiss under Rule 12(b)(6) for failure to state a claim "are viewed with disfavor and are rarely granted." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th

Cir. 2005); *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). The court utilizes a "two-pronged approach" in considering a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). First, the court identifies and excludes legal conclusions that "are not entitled to the assumption of truth." *Id.* Second, the court considers the remaining "well-pleaded factual allegations." *Id.* The court must accept as true all facts alleged in a plaintiff's complaint, and the court views the facts in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). A plaintiff's complaint survives a defendant's Rule 12(b)(6) motion to dismiss if it includes facts sufficient "to raise a right to relief above the speculative level." *Id.* (quotations and citations omitted). In other words, the court must consider whether a plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "'[D]etailed factual allegations'" are not required. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Nevertheless, a complaint must allege "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

**DISCUSSION**

Defendant Wells argues that Plaintiff's complaint should be dismissed because Plaintiff fails to sufficiently allege either individual coverage or enterprise coverage as required by the FLSA. (Doc. No. 6.) Plaintiff responds that she has sufficiently alleged enterprise coverage, and alternatively requests leave to amend. (Doc. No. 9.)

3

A. **Enterprise Coverage**

As Plaintiff's response does not contend that she is alleging individual coverage, the only remaining question presented by Defendant's motion is whether Plaintiff has sufficiently alleged enterprise coverage under the FLSA.

With respect to enterprise coverage, Defendant alleges that Plaintiff's allegations are conclusory and none of her allegations regarding "food service," stages, a sound system, or the club's website, establish that interactions with these things represents a "regular and recurrent" part of any employees' duties sufficient to qualify as "engaging in commerce." (Doc. No. 6, at 5–7.) Defendant further argues that Plaintiff's allegations lack facts sufficient to suggest that Defendants had more than one employee "handing, selling, or otherwise working on goods or materials that have been moved in or produced for commerce." *Id.* at 8. Plaintiff argues that she has pleaded enterprise coverage by alleging that employees of the club have worked with goods or services engaged in interstate commerce, including food service, and that Visions's gross annual business volume is more than $500,000. (Doc. No. 9, at 3.) Plaintiff cites to *Williams v. Tang, Inc*. in support. *Id.* citing No. 9:20-cv-76, 2020 WL 6731718, at *3 (E.D. Tex. Oct. 26, 2020), *report and recommendation adopted*, No. 9:20-CV-76-RC-KFG, 2020 WL 6709692 (E.D. Tex. Nov. 14, 2020).

The FLSA guarantees overtime pay to employees engaged "in the production of goods for commerce" ("individual coverage") or "employed in an enterprise engaged in commerce or in the production of goods for commerce" ("enterprise coverage"). *See* 29 U.S.C. § 207(a). Either individual or enterprise coverage is enough to invoke FLSA protection. *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992). The FLSA defines enterprise engaged in commerce or in the production of goods for commerce as an enterprise that:

4

>(A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
>(ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)

29 U.S.C. § 203(s)(1).

Defendant's motion construes Plaintiff's factual allegations in a number of ways to suggest that they are insufficient to establish that Defendants have employees engaged in commerce or in handling, selling, or otherwise working on goods that have been moved in or produced for commerce by any person. First, Defendant argues that Plaintiff's allegation that Defendants' handling of food that has travelled in interstate commerce with reference to "food service" is insufficient. (Doc. No. 6, at 6.) Second, Defendant argues that Plaintiff's allegations regarding Defendants' use of the club, maintenance of the facility, the sound system, stages, lights, beverages, and inventory used at the facility are insufficient to implicate commerce. *Id.* Third, Defendant argues that allegations regarding the club's website fail to qualify as "engaging in commerce." *Id.* at 7. Defendant's arguments suggest that in order to satisfy § 203, for example, that Plaintiff must allege facts regarding the source of the food, how it was procured, or who moved the food across state lines. (Doc. No. 6, at 6.) The court disagrees that such factual allegations would be necessary at the pleading stage to understand how the operation of "food service" would implicate commerce within the meaning of § 203.

Plaintiff cites to the *Williams* case, where this court considered the issue presented on nearly identical allegations. In *Williams*, the complaint alleged that "[d]uring each of the three years preceding the filing of this Complaint, Defendants employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had

5

employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, such as beer, wine and other alcoholic beverages." *Williams*, 2020 WL 6731718, at *3. The court concluded that "[t]hese facts plausibly satisfy the first element of enterprise coverage." *Id.* Here, Plaintiff has very similar allegations alleging that Defendants had employees engaged in commerce by working with goods that have travelled through interstate commerce, including but not limited to "food service." (Doc. No. 1, at ¶¶ 13, 63, 72.) Additionally, Plaintiff has alleged that Defendants have an annual gross volume of sales of more than $500,000. *Id.* at ¶¶ 73, 64.

Considering the totality of the facts alleged, the court finds the allegations sufficiently pleaded to satisfy the first two prongs of enterprise coverage as set forth in § 203(s)(1). Although the complaint does not reveal the factual intricacies of how Defendant's business implicates commerce, it has stated a plausible basis for which it may implicate commerce via "food service," such that Plaintiff should be entitled to discovery. To the extent the record ultimately reveals that Defendant does not have employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, Defendant may raise the argument on summary judgment.

## CONCLUSION

For the reasons set forth herein, the court **RECOMMENDS** that Defendant's motion (Doc. No. 6) be **DENIED.**

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen (14) days after being served with a copy shall bar that

party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

**So ORDERED and SIGNED this 13th day of July, 2023.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE